UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FERNANDO L. TAYLOR, | ) | CASE NO. 1:07 CV 181 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

On January 24, 2007, plaintiff pro se Fernando L. Taylor filed this action under 42 U.S.C. § 1983 against the City of Cleveland, Ohio and Cleveland Police Detective Steve McGraw. In the complaint, plaintiff alleges he was charged with and prosecuted for a crime which he did not commit. He seeks compensatory and punitive damages. Mr. Taylor also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Mr. Taylor describes an acrimonious relationship with Andrea Conditt, aka Andrea Fiske, the mother of his minor son. He contends he attempted to return his son to his mother after a visit on February 13, 2005 and could not locate her at her home. He claims he eventually found

her at "Daitwan['s] Aunt's house." (Compl. at 4.) He states that Ms. Conditt told him the minor child needed to spend more time with him and that she would go upstairs to pack a bag for him. Mr. Taylor indicates that while she was gone, he heard another door open and turned in time to see Darryl Fiske, aka Darryl White, with a gun. He indicates he "grabbed [his] son and took him to safety." (Compl. at 5.) Mr. Taylor states "I then noticed I had my son's mother's keys." (Compl. at 5.) He claims he dropped them off at her house and proceeded to the Sixth District police station to file a report. A report was taken and Mr. Taylor was told to follow up with a detective in the morning. The report indicates that Mr. Fiske is the father of another of Ms. Conditt's children. It further states that Mr. Fiske and Mr. Taylor were acquainted prior to this incident because they had been incarcerated together at the Richland Correctional Institution.

Mr. Taylor scheduled a meeting with a prosecutor the following day. He claims that while he was waiting for his meeting, Andrea Conditt and Darryl Fiske arrived. Mr. Taylor went in to the prosecutor's office and was told that Andrea had come to file charges against him. The nature of her charges were not disclosed to him; however, he was told to follow up with Juvenile Court.

Mr. Taylor claims that Andrea telephoned him on February 18, 2005 asking him where her car could be found. He indicated he did not know its location. He states he later received a threatening telephone call from Mr. Fiske. Mr. Taylor filed a police report accusing Mr. Fiske of aggravated menacing.

That same day, Ms. Conditt filed a police report stating Mr. Taylor stole her car. She indicated that Mr. Fiske witnessed Mr. Taylor getting into Ms. Conditt's car and driving off without her permission. The car was found a short time later engulfed in flames. The Cleveland

Fire Department determined that a backfire caused the car to ignite.

In May 2005, Mr. Taylor was contacted by Detective Steve McGraw regarding Ms. Conditt's stolen vehicle. At the conclusion of the interview, Detective McGraw allegedly told Mr. Taylor that if he made restitution to Andrea, the matter could be settled. He claims he saw Detective McGraw at a gas station on another occasion and was told the matter had been turned over to the grand jury. Mr. Taylor states he was once again told that if he made restitution, he "might be okay." (Compl. at 6.)

An indictment was filed on August 10, 2005 in Cuyahoga County Court of Common Pleas charging Mr. Taylor with grand theft of a motor vehicle and robbery. State of Ohio v. Taylor, Case No. CR-05-469300 (Cuyahoga County Ct. Com. Pl. filed Aug. 10, 2005). Mr. Taylor entered into an agreement with the State of Ohio whereby Mr. Taylor pled guilty to petty theft in exchange for dismissal of the robbery charge. He was sentenced to 30 days in jail and one year probation. The jail sentence was suspended. He was also ordered to attend anger management or family counseling 3 times per week, or to the satisfaction of his probation officer.[1]

Mr. Taylor asserts four causes of action in his complaint. First, he claims he is the victim of malicious prosecution. He states that Detective McGraw relied on "a noncredible source that was unreliable, untrustworthy, recently released from prison and who shared an interest of wanting Mr. Taylor convicted." (Compl. at 7.) He further alleges that Detective McGraw cannot be impartial in his investigation of the case because Ms. Conditt is his niece. His second cause of action claims that he was wrongfully convicted of the theft. Mr. Taylor's third and fourth causes

---

[1] Cuyahoga County Court of Common Pleas dockets can be found at: www.cpdocket.cp.cuyahogacounty.us

of action assert that he was the victim of intentional infliction of emotional distress. Mr. Taylor seeks compensatory and punitive damages as well as an order "providing affirmative relief necessary to eradicate the effects of their unlawful civil rights practices... ." (Compl. at 17.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

A person convicted of a crime may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Taylor's claims are all predicated on his assertion that the entire case against him was without foundation. If these claims were found to have merit,

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

it would call into question the validity of his conviction. Mr. Taylor, however, pled guilty to petty theft charges in connection with this case. His conviction has not been declared invalid by either an Ohio state court or a federal habeas corpus decision. His claims must therefore be dismissed.

### Conclusion

Accordingly, Mr. Taylor's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: April 19, 2007

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.